KRESTA NORA DALY, SBN 199689
Rothschild Wishek & Sands, LLP
901 F Street, Suite 200
Sacramento, CA 95814

Attorney for Robert Bauer

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 2:11CR00047-LKK |
| Plaintiff, | ) STIPULATION AND ORDER |
| v. | ) JUDGE: Honorable Edmund F. Brennan |
| ROBERT BAUER, | ) |
| Defendant. | ) |

It is hereby stipulated and agreed to between the United States of America through KYLE REARDON, Assistant U.S. Attorney, and defendant, Robert Bauer, through his counsel, KRESTA DALY, that the pre-trial release condition requiring Mr. Bauer to attend mental health treatment and/or therapy with a treatment provider be deleted and Mr. Bauer instead be allowed to attend therapy with the mental health provider of his choice, namely Dr. Nancy Otterness, with defense counsel monitoring his attendance.

**BACKGROUND**

On or about July 6, 2010 law enforcement executed a search warrant at the home of Robert Bauer. The search warrant had

been issued because there was probable cause to believe that Mr. Bauer had images of child pornography on his computer. Shortly thereafter defense counsel was retained. At the direction of defense counsel Mr. Bauer began attending weekly counseling sessions. The sessions were those that were geared towards sex offenders and they were being led by a licensed psychologist. Mr. Bauer attended those sessions on a weekly basis for approximately 9 months – until late February 2011.

Mr. Bauer was arraigned on February 28, 2011. At the arraignment the Court ordered Mr. Bauer released based upon certain conditions.

Upon learning that Mr. Bauer had been arraigned and without contacting defense counsel Mr. Bauer's treatment provider concluded he could no longer provide Mr. Bauer treatment because he was not a federal contractor. The treatment provider then informed Mr. Bauer of this conclusion and terminated their relationship.

**The Problem**

Critical to the defense strategy in this case is that Mr. Bauer attend counseling. Defense counsel has always intended to put Mr. Bauer's treatment provider either on the witness stand or, at a minimum, have the treatment provider draft a declaration which would ultimately be provided to the court. If the court requires more specific information about defense strategy counsel is prepared to make such an offer of proof either in a sealed declaration or *in camera.*

When defense counsel learned that the prior treatment provider had unilaterally terminated his relationship with Mr. Bauer defense counsel contacted the Pre-Trial Services Officer, Beth Baker and requested the name and telephone number of the federally contracted treatment provider, Gary Nichols.

Defense counsel and Mr. Nichols had a conversation in which Mr. Nichols raised some concerns about defense counsel's plan to ultimately have him testify on behalf of the defense.  The parties concluded that it would be best for Mr. Nichols to contact Beth Baker at pre-trial services to resolve those issues.

Defense counsel subsequently received a voicemail from Pretrial Services.  Counsel later spoke with Pretrial Services. During that conversation Pretrial Services raised multiple concerns including the possibility of defense counsel putting a federally contracted treatment provider on the witness stand and asking that individual to advocate on behalf of a defendant.  It was decided that the best option would be to ask the court to delete condition no. 8.

Condition number 8 which states:

You shall participate in a program of medical or psychiatric treatment, including treatment for drug or alcohol dependency, as approved by pretrial services.

Defense counsel understands Pretrial Services is concerned about potential confidentiality issues.  Both Pretrial Services and defense counsel agree that it would be inappropriate for any number of reasons for a federally contracted mental health provider to be a part of the defense team.

Defense counsel has additional concerns regarding conversations with Mr. Nichols and whether those conversations would be covered by the attorney-client and work-product privileges. It seems at least plausible that those conversations would be discoverable by Pretrial Services and possibly opposing counsel.

**The Plan**

Pretrial Services has no objection to the deletion of release condition no. 8 on the following conditions[1]:

1. Mr. Bauer remain in mental health counseling.
2. The counseling provider can be a provider of defense counsel's choice, Dr. Nancy Otterness.
3. Mr. Bauer shall meet with Dr. Otterness on at least a weekly basis.
4. Ms. Daly will be responsible for verifying that Mr. Bauer is attending his counseling sessions.
5. Ms. Daly is required to maintain regular contact with Dr. Otterness.
6. Ms. Daly will notify the court and Pretrial Services immediately if there are any violations of this order.

---

[1] Pretrial Services and defense counsel discussed the possibility of Mr. Bauer attending counseling sessions with the federally contracted provider as well as the provider of defense counsel's choosing. However it was quickly decided that this possibility would likely be exhausting for Mr. Bauer and he would receive little, if any, benefit from this plan.

4

Therefore Pretrial Services, opposing counsel and defense counsel request release condition no. 8 be deleted.  All other conditions set forth in the Release Conditions shall remain in full force and effect.

DATED:  March 2011        Respectfully submitted,


                                    s/Kresta Daly_____
                                    KRESTA DALY
                                    Attorney for Robert Bauer



                                    s/Kresta Daly_____
DATED:  March 2011        KYLE REARDON
                                    Assistant United States Attorney



**O R D E R**

**IT IS SO ORDERED.**

DATED: March 25, 2011    /s/ Gregory G. Hollows
                         _____

                         United States Magistrate Judge

5